IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02166-CMA-KLM

TINA SOLANO,

	Plaintiff,

v.

THE CITY AND COUNTY OF DENVER,

	Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

	This matter is before the Court on **Defendant Denver Sheriff Department's Motion to Dismiss Pursuant to Rule 12(b)(2)(4)(5) and (6), Fed. R. Civ. P.** [Docket No. 10; Filed November 19, 2009], **Defendant's Renewed Motion to Dismiss Complaint** [Docket No. 21; Filed March 3, 2010] filed by Denver Sheriff Department, and **Defendant's Motion to Reconsider Order of April 14, 2010** [Docket No. 27; Filed April 19, 2010] filed by the City and County of Denver. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.LCivR 72.1C., the matter has been referred to this Court for recommendation. The Court has reviewed the Motions, the Responses [# 17] [#23], the Replies [# 24], [# 25], the case file and relevant law, and is advised in the premises.

	Plaintiff originally filed her *pro se* Complaint against the Denver Sheriff Department. [#3]. The Denver Sheriff Department filed a motion to dismiss based on lack of jurisdiction on the grounds that the Denver Sheriff Department is not an entity that can be subject to suit. [#10]. At the Scheduling Conference on January 5, 2010, Plaintiff was ordered to file

a motion to substitute the City and County of Denver as Defendant by January 15, 2010. [#14]. Plaintiff complied with this order and the Court granted the Motion to Substitute the City and County of Denver as Defendant for the Denver Sheriff Department. [#16], [#26]. Thereafter, the City and County of Denver filed a Motion to Reconsider [#27]. Defendant argued that the Court lacked jurisdiction and that Plaintiff did not file a proper motion to substitute party.

Defendant's reconsideration motion is based on the erroneous premise that the Court has substituted the Denver Sheriff Department for the City and County of Denver. Defendant is no doubt basing its conclusion on the fact that Plaintiff's pleading appeared to request improper relief. However, in accordance with the duty to construe *pro se* pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court construed Plaintiff's motion as one to substitute the City and County of Denver as Defendant for the Denver Sheriff Department. Therefore the motion for reconsideration has no basis. Moreover, because the proper party has now been named as Defendant and the Denver Sheriff Department has been dismissed, the grounds for the motions to dismiss no longer exist. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Reconsider [#27] is **DENIED**.

IT IS **RECOMMENDED** that the Denver Sheriff Department's Motion to Dismiss [#10] be **DENIED as moot**.

IT IS FURTHER **RECOMMENDED** that the City and County of Denver's Renewed Motion to Dismiss [#21] be **DENIED as moot.**

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: May 13, 2010

BY THE COURT:

__s/ Kristen L. Mix_____
Kristen L. Mix
United States Magistrate Judge