IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02166-CMA-KLM

TINA SOLANO,

     Plaintiff,

v.

THE CITY AND COUNTY OF DENVER,

     Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on **Defendant's Motion for Summary Judgment** [Docket No. 34; Filed August 2, 2010] (the "Motion").  On August 23, 2010, Plaintiff, who is proceeding *pro se*, filed a Response [Docket No. 36] (the "Response")[1] in opposition to the Motion.  On September 7, 2010, Defendant filed a Reply Brief in Support of Motion for Summary Judgment [Docket No. 40] (the "Reply").  On September 27, 2010, Plaintiff filed a Surreply [Docket No. 41] (the "Surreply").[2]  The Motion is now fully briefed and ripe for resolution.  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motion has been referred to this Court for a recommendation regarding disposition.  The Court has reviewed the Motion, the entire case file, and the applicable law and is sufficiently advised in the premises.  For the reasons set forth below, the Court respectfully **RECOMMENDS**

---

[1] Plaintiff incorrectly styled her Response [#36] in opposition as a "Motion for a Non Summary Judgment."  Herein, Plaintiff's Response will be referred to as "Response."

[2] Plaintiff incorrectly styled her Surreply [#41] as "Plaintiff's Replying to Defendant's Motion for Summary Judgment."  Herein, Plaintiff's Surreply will be referred to as "Surreply."

that the Motion be **GRANTED**.

## I.  Summary of the Case

Plaintiff was hired by Defendant on October 22, 2007 as a Deputy Sheriff recruit. As a recruit, Plaintiff entered the Denver Sheriff Training Academy (the "Academy").  On January 11, 2008, Defendant dismissed Plaintiff from the Academy.  On July 3, 2008, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that her dismissal from the Academy was an unlawful discriminatory action.  Plaintiff's charge alleged that Defendant discriminated against her because of her race and sex.  On June 3, 2009, Plaintiff received from the EEOC a Notice of Right to Sue Defendant.  On September 10, 2009, Plaintiff filed a Complaint [Docket No. 3] invoking this Court's subject matter jurisdiction pursuant to 42 U.S.C. § 2000e-5.

Plaintiff alleges that her dismissal from the Academy was discriminatory in three respects.  First, Plaintiff alleges that she was dismissed from the Academy in part because she is "Hispanic."  *Id.* at 7.  She alleges that she was treated differently from other recruits because she was subjected to "rude comments" implicating her race.  *Id.* at 4; *see id.* at 7 (alleging that instructors at the Academy were "laughing at my performance and making specific failure comments"); *id.* at 4 ("On January 8, 2008, . . . Mr. Cannon made rude comments again[.]  [He said, '] You should take some Latino dance classes.['] Because I have no rhythm."); *Deposition of Tina Solano* [Docket No. 34-2] at 17 (stating that Instructor Cannon said, "Solano, you need to take some Latino dance lessons so you can have some more rhythm.").

Second, Plaintiff alleges that she was dismissed from the Academy "after failing

more than three tests" when other recruits were not dismissed after also failing more than three tests. *See id.* at 7 ("I was terminated for failing more than three tests. However, of the 17 students in my [Academy class], just two passed all but two of their tests, therefore, I was treated differently."). Plaintiff does not explain how this alleged disparate treatment was discriminatory on the basis of race or sex. She does not expressly allege that non-"Hispanic" and male recruits who failed more than three tests were allowed to continue their training at the Academy while she and other "Hispanic" and female recruits who failed more than three tests were dismissed. Moreover, Plaintiff has provided no evidence substantiating her allegation that other recruits were not dismissed from the Academy after failing more than three tests.

Third, Plaintiff alleges that she was treated differently from male recruits at the time of her dismissal. She explains that although she was injured during her time at the Academy, she was not offered the opportunity to re-enroll in the next Academy class at the time of her dismissal. Plaintiff alleges that the decision not to offer her the opportunity to repeat training was discriminatory because she knows of one male recruit who was allowed to re-enroll in the next class after he was injured. *Complaint* [#3] at 8 ("On or about January 11, 2008, I was not allowed to repeat the 90 day [A]cademy, but a male was injured in the [A]cademy [class] ahead of mine and was allowed to join and complete the [A]cademy training with my [class].").

Defendant denies that its decision to dismiss Plaintiff from the Academy was discriminatory in any way. Defendant avers that Plaintiff was dismissed from the Academy because she did not meet the academic performance standards established by the Academy's "Recruit Grading System." The Recruit Grading System mandated that recruits

take a series of tests in order to graduate from the Academy.  For each test, a passing score was seventy percent.  *Motion* [#34] at 4; *Exhibits to Deposition of Tina Solano* [Docket No. 34-3] at 9.  Recruits who failed three or more tests were subject to dismissal from the Academy.  *Id.*  Recruits who failed a single test and then subsequently failed again on a re-test attempt were also subject to dismissal from the Academy.  *Id.*

Defendant represents that Plaintiff was dismissed from the Academy because (1) she failed five tests, and (2) she failed the "Written Hand-to-Hand Self-Defense Tactics Test" both initially and upon re-testing.  *Id.* at 5-7.  Upon reviewing the record, the Court finds that it is undisputed that Plaintiff failed the following five tests while at the Academy: (1) the Shotgun Test, which evaluates a recruit's ability to disassemble, reassemble, and accurately fire a shotgun; (2) the STEP Test, which evaluates a recruit's ability to accurately fire a handgun from the prone, kneeling, squatting, and standing positions; (3) the practical portion of the Orcutt Police Nunchaku (OPN) Test, which evaluates a recruit's ability to properly use the OPN device in self-defense; (4) "Written Test #4"; and (5) the Written Hand-to-Hand Self-Defense Tactics Test.  *See Motion* [#34] at 5-7; *Deposition of Tina Solano* [Docket No. 34-1] at 17.  The Court further finds that it is undisputed that Plaintiff failed one test, the Written Hand-to-Hand Self-Defense Tactics Test, both initially and upon re-testing.  *Id.*; *Deposition of Tina Solano* [#34-1] at 17.

## II.  Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Under Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine

issue as to any material fact and that the movant is entitled to judgment as a matter of law."
An issue is genuine if the evidence is such that a reasonable jury could resolve the issue
in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986).
A fact is material if it might affect the outcome of the case under the governing substantive
law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material
fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*,
477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at
trial, the "movant may make its prima facie demonstration [of the absence of a genuine
issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the
nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant
carries the initial burden of making a prima facie showing of a lack of evidence, the burden
shifts to the nonmovant to put forth sufficient evidence for each essential element of his
claim such that a reasonable jury could find in his favor. *See Anderson*, 277 U.S. at 248;
*Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321,
1326 (10th Cir. 1999). The nonmovant must go beyond the allegations and denials of his
pleadings and provide admissible evidence, which the Court views in the light most
favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission
Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324).
Conclusory statements based merely on conjecture, speculation, or subjective belief are
not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869,
875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere
reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded.

*See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

Importantly, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For example, the Court may treat a *pro se* litigant's Response as an affidavit if it alleges facts based on personal knowledge and it has been sworn under penalty of perjury. *See Hall*, 935 F.2d at 1111 (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n.1 (10th Cir. 1985) (citation omitted)). However, the Court should neither act as the *pro se* litigant's advocate nor "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). Finally, *pro se* litigants must follow the same procedural rules that govern other litigants. *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

Plaintiff has filed her claim of unlawful discriminatory treatment pursuant to 42 U.S.C. § 2000e-5. The Supreme Court has established a "basic allocation of burdens and order of presentation of proof" for adjudicating discriminatory treatment claims under 42 U.S.C. § 2000e-5. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252 (1981) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). First, Plaintiff bears the burden of proving by a preponderance of the evidence a prima facie case of discrimination. *Id.* at 252-53. Next, if Plaintiff succeeds in proving the prima facie case, the burden shifts to Defendant "'to articulate some legitimate, nondiscriminatory reason'" for Plaintiff's dismissal from the Academy. *Id.* at 253 (quoting *McDonnell Douglas*, 411 U.S. at 802). Finally,

should Defendant carry this burden, Plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by Defendant were not its true reasons, but were a pretext for discrimination. *Id.* (citing *McDonnell Douglas*, 411 U.S. at 804). Importantly, "the ultimate burden of persuading the trier of fact that [Defendant] intentionally discriminated against [Plaintiff] remains at all times with [Plaintiff]." *Id.* (citing *Bd. of Trustees of Keene State College v. Sweeney*, 439 U.S. 24, 25 n.2 (1978) (Stevens, J., dissenting)). Thus, the "division of intermediate evidentiary burdens" is simply a means to fairly and expeditiously frame the case. *Id.*

Plaintiff's initial "burden of establishing a prima facie case of disparate treatment is not onerous." *Id.* Plaintiff must prove by a preponderance of the evidence that she was dismissed from the Academy "under circumstances which give rise to an inference of unlawful discrimination." *Id.* In other words, Plaintiff must show that her dismissal from the Academy, if otherwise unexplained, was more likely than not based on Defendant's consideration of impermissible factors. *See id.* at 254 ("[T]he prima facie case 'raises an inference of discrimination only because we presume [the defendant's] acts, if otherwise unexplained, are more likely than not based on impermissible factors.'" (quoting *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577 (1978)). To establish a prima facie case of disparate treatment, Plaintiff must show the following: (1) she is a member of a class protected by the statute; (2) she was qualified to remain at the Academy; (3) despite her qualifications, she was dismissed; and (4) the position of Academy recruit was not eliminated after she was dismissed. *See Sandoval v. City of Boulder, Colorado*, 388 F.3d 1312, 1325 (10th Cir. 2004) (citing *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1229 (10th Cir. 2000)).

The Court finds that Plaintiff has failed to carry her initial burden of making a prima facie showing of disparate treatment because she has not shown that she was qualified to remain at the Academy.  Defendant is correct that there is "uncontroverted evidence that [Plaintiff] failed five performance tests . . . , contrary to [Academy] policy which provided for termination [after] failing three tests."  *Motion* [#34] at 13.  Plaintiff admitted during her deposition that she failed five tests.  *Deposition of Tina Solano* [#34-1] at 11 ("We can agree that five were failed[.]").  Plaintiff also admitted that she understood at the time she entered the Academy that failure of three tests would subject her to dismissal from the Academy.  *Id.* ("Q: So you were aware that if you basically failed three tests, the [A]cademy commander could request that you be dismissed?  A: Yeah.").  Defendant has submitted a copy of the Academy's Recruit Grading System, which provides as follows: "Failure of a third test may result in a re-test and submission of a request for the dismissal of the recruit, for failure to meet academic standards[.]"  *Exhibits to Deposition of Tina Solano* [Docket No. 34-3] at 9.  Accordingly, the Court finds that there is no genuine issue of fact as to whether Plaintiff was qualified to remain at the Academy.  It is clear from Defendant's submissions and Plaintiff's admissions during her deposition that Plaintiff was not qualified to remain at the Academy at the time she was dismissed.

Although Plaintiff presented nothing in her Response [#36] or her Reply [#41] disputing the facts above, she did suggest during her deposition that two of the tests that she failed, the Shotgun Test and the practical portion of the OPN Test, were somehow not "required" tests. *Deposition of Tina Solano* [#34-1] at 17 ("OPNs and Shotguns is [sic] not required.").  Plaintiff has offered no evidence substantiating her suggestion that recruits were not required to pass the Shotgun Test and the practical portion of the OPN Test.  In

fact, Plaintiff admitted that the Recruit Grading System "doesn't specifically say" that recruits are not required to pass the Shotgun Test and the OPN Test. *Id.* Moreover, even if Plaintiff's failure of the Shotgun and OPN Tests is ignored, it remains undisputed that Plaintiff failed three other unequivocally "required" tests and was thus subject to dismissal from the Academy on that basis.

In order to prevail on her claim, Plaintiff must show prima facie disparate treatment. *See Texas Dep't of Cmty. Affairs*, 450 U.S. at 252. To do that, she must show that she was qualified to remain at the Academy at the time she was dismissed. *See Sandoval*, 388 F.3d at 1325. As discussed above, Plaintiff cannot show that she was qualified to remain at the Academy at the time she was dismissed. Because Plaintiff cannot prove an essential element of her claim, Defendant's Motion [#34] should be granted. *See Adler*, 144 F.3d at 671 (The "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.").

Even if the Court assumes, *arguendo*, that Plaintiff has shown prima facie disparate treatment, entry of summary judgment against her is still warranted. Once a plaintiff has demonstrated prima facie disparate treatment, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for that treatment. *McDonnell Douglas*, 411 U.S. at 802. In this case, Defendant asserts that it dismissed Plaintiff from the Academy and did not offer her the opportunity to re-enroll because of her failure to meet established performance standards. It is undisputed that Plaintiff failed five performance tests overall and one performance test both initially and upon retesting. "Poor performance is a quintessentially legitimate and non discriminatory reason for termination."

*Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1125 (10th Cir. 2005).  Accordingly, the Court finds that Defendant has carried its burden of articulating a legitimate reason for dismissing Plaintiff from the Academy.

Because Defendant has carried this burden, Plaintiff can prevail on her claim only if she proves by a preponderance of the evidence that the legitimate reason offered by Defendant was not its true reason, but a pretext for discrimination.  *Texas Dep't of Cmty. Affairs*, 450 U.S. at 252.  The Court finds that Plaintiff has failed to demonstrate that her dismissal from the Academy on the basis of her poor performance was pretextual.  Plaintiff has produced no evidence whatsoever that Defendant had any other reason for dismissing her from the Academy besides her poor performance.  Accordingly, the Court concludes that Defendant's Motion [#34] should be granted.

## IV.  Conclusion

For the foregoing reasons, I respectfully **RECOMMEND** that Defendant's **Motion for Summary Judgment** [#34] be **GRANTED**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P.  72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must

be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  December 3, 2010

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge